Ronald E. Coleman, J.
By a decision and an opinion filed February 11, 1965, Cooney Brothers, Inc. (Claim No. 42437) was dismissed for the reason that the claimant failed to prove damages which in our opinion were compensable under present authorities (47 Misc 2d 641). The claimant Cooney Brothers, Inc., made application to set aside the decision in respect to its claim and to hear new and additional evidence in accordance with our opinion. No application was made in respect to the separate award also made in the same decision in respect to Stickles v. State of New York (Claim No. 40919). By an order dated March 4, 1965 we granted the claimant’s motion and its claim was reopened for further proof.
Additional proof was taken and our decision in respect to Cooney Brothers, Inc., filed February 11, 1965 is amended so as to strike therefrom findings of fact, paragraph 30 and conclusions of law, paragraph II and further amended in accordance, with our decision herein.
While claimant’s installations for processing sand, gravel and crushed rock were under the terms of its lease removable on the termination of the lease, the appropriation of the land by the State was an appropriation of all that was annexed thereto. Claimant was not estopped from asserting a claim because it removed its installations and equipment when required to do so by the State before the expiration of its lease.
Claimant sustained extensive damages in that it was required to expend large sums of money to remove its plant to a new location. This amounted to $451,040.76 which represented the cost to the claimant of dismantling and moving its plant to Hawk Mountain together with the exploration and site preparation costs at the new location. This amount represents what could be said to be the “ cost to cure ”. This fact was not disputed by the State. While claimant’s plant was the type that could be moved, claimant was required to move its plant to a new location and did relocate it at a place three miles away from the subject property. It was still operating the plant in this new location at the time of the trial. Had not the State forced the claimant to move it would still be operating its plant on the land appropriated by the State.
On the first trial proof was made as to the fair and reasonable value of the equipment prior to the appropriation. When the claim was reopened the claimant made proof as to the fair and reasonable cash value of the equipment immediately after the appropriation. While the testimony as to value included the value of the installation on the Schofield property, from which no appropriation was made, it also appeared that the primary *1028 crusher located on the Schofield property was owned not by the claimant but by the Sleepy Hollow Equipment Corporation. We have not considered the value of the Sup.-McCully Gyr. Crusher listed on page 2 of claimant’s Exhibit 50 in making our award herein.
We find the value of claimant’s installation prior to the appropriation to have been $526,700 and the cash value of the same immediately after the appropriation to have been $39,745. Claimant is awarded the sum of $286,955 as damages herein, with interest thereon from July 19, 1961 to January 19, 1962 and from June 8, 1963 to the date of entry of judgment herein.